UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JON E. RUCINSKI, | ) |
| Plaintiff, | ) |
| v. | ) Civil No. 20-10222-LTS |
| CSX TRANSPORTATION, INC., | ) |
| Defendant. | ) |

ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. NO. 51)

June 6, 2023

SOROKIN, J.

Plaintiff Jon Rucinski brought this single-count action under the Federal Employers' Liability Act (FELA) against his former employer, Defendant CSX Transportation, Inc. (CSXT). Doc. No. 1. Rucinski seeks compensation for an injury he sustained while working as a conductor for CSXT, allegedly as a result of CSXT's negligence. Id. CSXT now moves this Court to enter summary judgment in its favor. Doc. No. 51. For the reasons explained below, CSXT's Motion is DENIED.

FELA provides:

> Every common carrier by railroad . . . shall be liable in damages to any person suffering injury while he is employed by such carrier . . . for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.

45 U.S.C. § 51. FELA applies "a relaxed standard of causation" compared to common law tort litigation. CSX Transp., Inc. v. McBride, 564 U.S. 685, 692 (2011). "Under [FELA] the test of a

jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought." Id. (internal quotation marks omitted) (alteration in original) (quoting Rogers v. Mo. Pac. R.R. Co., 352 U.S. 500, 506 (1957)); see also id. at 699 (affirming the Rogers standard).

      CSXT seeks summary judgment on the basis that "Plaintiff cannot establish that CSXT was negligent or that CSXT's negligence caused, in whole or in part, Plaintiff's injury." Doc. No. 52 at 3. Applying the familiar summary judgment standard, drawing all reasonable inferences in Rucinski's (the nonmovant's) favor, see LeBlanc v. Great Am. Ins. Co., 6 F.3d 836, 841 (1st Cir. 1993), a reasonable jury could conclude on the evidence before the Court both that CSXT was negligent and that CSXT's negligence played at least a slight part in causing Rucinski's injuries. In support of his theory of negligence and causation, Rucinski has submitted an expert report by Dr. Joe Lydick. Lydick concludes, inter alia, that "the area where Mr. Rucinski sustained his injuries did not comply with CSXT standards, AREMA and/or industry standards," Doc. No. 57-3 at 40; see also id. at 52–54, "[w]hen ballast is not placed to CSXT or industry standards it can create hazardous walking and working conditions or in Mr. Rucinski's case a condition that caused him to choose crossing a tank car icy platform instead of walking adjacent to the track," id. at 41; see also id. at 53, "CSXT should have had notice of and were responsible for the walking conditions that existed adjacent to their industry tracks, and sidings that creates [sic] unnecessary hazards for employees," id. at 42, and "CSXT possessed the knowledge, expertise, and means to construct and maintain walkways along the main track where Mr. Rucinski worked, to a standard of care that provided a reasonably safe place to work." Id. at 54. In addition, Rucinski testified at his deposition that his need to climb over the car was

at least in part "because of the walking conditions on th[e] ditch side." Doc. No. 54-2 at 45; see also Doc. No. 57-2 ¶ 9.

This evidence, alone, is sufficient to defeat CSXT's Motion and send the case to the jury. See McBride, 564 U.S. at 692; Tramontano v. N.J. Transit Rail Operations, Inc., No. CV145706ESMAH, 2023 WL 3248238, at *19 (D.N.J. May 4, 2023) ("A FELA plaintiff need only present a minimum amount of evidence in order to defeat a summary judgment motion." (citing Hines v. Consol. Rail Corp., 926 F.2d 262, 268 (3d Cir. 1991))). From the foregoing, a reasonable jury drawing reasonable inferences in Rucinski's favor could conclude that CSXT was negligent in its creation and/or maintenance of the walking area adjacent to the train tracks at issue. Such a jury could further conclude, as to causation, that CSXT's negligence in failing to properly create or maintain the walking area played at least a small part in causing Rucinski to sustain injuries climbing over an icy railroad car. See Szekeres v. CSX Transp., Inc., 617 F.3d 424, 430 (6th Cir. 2010) (holding that a reasonable jury could conclude that FELA plaintiff's injury from slipping and falling on a muddy incline he chose to attempt to walk over to get to a private area to relieve himself "was within the risk created by" an allegedly unsanitary toilet facility in the locomotive he was traveling in); Szekeres v. CSX Transp., Inc., 731 F.3d 592, 599–601 (6th Cir. 2013). In other words, a reasonable jury could conclude here that "employer negligence played" at least "the slightest" part "in producing the injury . . . for which damages are sought." McBride, 564 U.S. at 692. There are other possible conclusions that a reasonable jury could come to, such as that CSXT was not negligent at all, or that the entire cause of Rucinski's injuries was his own negligence in choosing to cross the train car or in the manner in which he crossed the car. However, such alternative possibilities are insufficient to support a grant of summary judgment for CSXT given that Rucinski has put forth sufficient evidence to

support a reasonable jury ruling in his favor under the applicable legal standard, as described above. CSXT's Motion for Summary Judgment (Doc. No. 51) is DENIED. The Clerk shall schedule trial in this matter to begin on Monday, September 18, 2023 at 9 a.m. The parties shall file a status report within 14 days stating whether they request referral to the court's mediation program.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge